**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**Northern Division**

| | |
|---|---|
| GET GLAM BEAUTY LLC, and KARRECE STEWART,<br><br>                      Plaintiffs,<br><br>v.<br><br>DEBORAH COKER, HILDA BILLS, DOROTHY ENNIS, and FRANCES STEWART, each in her official capacity as a member of the Mississippi State Board of Cosmetology, and LYNN FITCH, in her official capacity as Attorney General of Mississippi;<br><br>                    Defendants. | Case No. 3:20-cv-580-HTW-LRA |

**COMPLAINT**

Plaintiffs Get Glam Beauty LLC and Karrece Stewart allege as follows:

## Introduction

1.     Plaintiff Karrece Stewart wishes  to earn a living by providing makeup services to clients celebrating weddings, proms, and other special occasions.  But Mississippi law forbids her from doing so—on pain of *criminal* penalties—unless she first completes 600 or 1,500 hours of training at a state-accredited esthetician or cosmetologist school.  This government-mandated training would cost thousands of dollars and at least 15 weeks of her life.  Moreover, the mandatory curriculum, for the most part, has nothing to do with makeup.  This Court should hold that Mississippi's licensing requirements for makeup artists are unconstitutional under the Fourteenth Amendment and the Mississippi Constitution.

2.     "The great deference due state economic regulation does not demand judicial blindness to the history of a challenged rule or the context of its adoption nor does it require courts to accept nonsensical explanations for regulation." *St. Joseph Abbey v. Castille*, 712 F.3d 215, 226 (5th Cir. 2013).  And "neither precedent nor broader principles suggest that mere economic protection of a particular industry is a legitimate governmental purpose[.]" *Id.* at 222.

3.     Here, Mississippi's licensing requirements for makeup artists would be unconstitutional standing alone because there is no rational reason for the government to force Stewart to spend thousands of dollars and months of her life learning how to provide facial massages or style hair.  Mississippi's laws are even more suspect because they include a blanket exemption for retail employees, who can do their customers' makeup without any license or training at all.  Because the licensing requirements for makeup artists are not rationally related to any legitimate government interest and include arbitrary classifications, they are unconstitutional under the Due Process and Equal Protection Clauses, as well as the Mississippi Constitution.

4.      These requirements are plainly related to one purpose—protecting licensed cosmetologists and estheticians from competition from entrepreneurs like Stewart.  In fact, the Board of Cosmetology that writes and enforces the regulations governing makeup artistry is made up entirely of the licensed cosmetologists that Mississippi's licensing requirements serve to protect and with whom Stewart would otherwise compete.  But naked favoritism cannot justify an unconstitutional law.  *St. Joseph Abbey*, 712 F.3d at 226.

5.      For these reasons, among others, this Court should declare Mississippi's licensing requirements for makeup artists unconstitutional and enjoin Defendants from enforcing the requirements against Stewart or her business, Get Glam Beauty LLC.

## Parties

6.      Plaintiff Karrece Stewart is a resident of Fulton, Mississippi.  Stewart is a makeup artist who would like to earn a living by providing makeup services to her clients, but who is currently forbidden from doing so by Mississippi law.

7.      Plaintiff Get Glam Beauty LLC is a Mississippi limited liability corporation created by Stewart to provide makeup services to clients, but it is currently forbidden from doing so by Mississippi law.  Stewart is the sole owner of Get Glam Beauty.

8.      Defendants Deborah Coker, Hilda Bills, Dorothy Ennis, and Frances Stewart are Members of the Mississippi Board of Cosmetology and are the state actors ultimately responsible for adopting, administering, and enforcing the state's cosmetology rules.  Coker is the President of the Board.  Each of these Defendants is named in her official capacity only.

9.      Defendant Lynn Fitch is the Attorney General of Mississippi.  She is responsible for enforcing the state's cosmetology laws by bringing legal actions for court orders enjoining violations of the state's cosmetology laws and regulations or for orders enforcing compliance with

the state's cosmetology laws and regulations.  Miss. Code Ann. § 73-7-37.  She is named in her official capacity only, and for the purpose of giving her notice of this constitutional challenge.

## Jurisdiction and Venue

10.     This action arises under the Fourteenth Amendment of the United States Constitution.  This Court therefore has jurisdiction under 28 U.S.C. § 1331.

11.     42 U.S.C. § 1983 provides a civil cause of action to any person who is deprived of rights guaranteed by the United States Constitution by another person who was acting under color of state law.

12.     This Court has supplemental jurisdiction over the claims arising under the Mississippi Constitution under 28 U.S.C. § 1367(a) because those claims are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

13.     Venue is proper in this Court under 28 U.S.C. § 1391 (b)(1) and (2) because at least one of the Defendants resides in this district and all of the Defendants are residents of Mississippi, and because a substantial part of the events giving rise to this challenge occurred in this district.

## Factual Allegations

### A.  Makeup Artistry

14.     Makeup artistry is one of the world's oldest traditions, and nearly every society in the world has used makeup.  From the Ancient Egyptians, to Victorian England, to the Plains Indians, to the Qing Dynasty, makeup has been a ubiquitous feature of human life.

15.     The same is true today.  The beauty industry as a whole is worth more than $500 billion.  *See* Bethany Biron, *Beauty has blown up to be a $532 billion industry — and analysts say that these 4 trends will make it even bigger*, Business Insider (July 9, 2019), https://bit.ly/2X2tOk9.

16.    Hundreds of millions of people apply makeup every day.  The vast majority of this occurs harmlessly, without any formal training, and without government supervision.

17.    To state the obvious, putting on makeup is not inherently dangerous.

18.    The same is true for entrepreneurs like Stewart who want to provide makeup services for a fee.  Although makeup artistry, like any other art, requires talent and skill, it does not require extensive coursework to perform competently or safely.

19.    Although a makeup artist must maintain a hygienic work environment, this can be accomplished through simple practices—e.g., handwashing, and sanitizing equipment—that do not require extensive training, just as in many other professions.

20.    Nor does professional makeup artistry present any particular concerns of consumer confusion or fraud.  A lay consumer seeking help with makeup is not vulnerable to misinformation or fraud in the same way that she might be if she was seeking, say, legal assistance or an adjustable-rate mortgage.

21.    For these reasons, among others, there is no legitimate government interest that requires extensive regulation of makeup artists.  Similarly, there is no legitimate government interest that requires forcing entrepreneurs like Stewart to spend thousands of dollars and months of their lives completing state-mandated coursework before they can provide makeup services to the public.

**B.  Karrece Stewart and Get Glam Beauty**

22.    Stewart has been interested in makeup her entire life.  In recent years, Stewart has taken several steps to start her own makeup business and provide makeup services to the public.

23.    For example, Stewart completed an online course that provided more instruction on makeup than is included in Mississippi's proscribed esthetician or cosmetologist courses.  The course also covered basic hygiene.

24.     Get Glam Beauty is Stewart's business.  To get the business started, Stewart registered Get Glam Beauty as an LLC and purchased marketing materials, makeup, and other supplies.

25.     Stewart and Get Glam Beauty currently provide in-person and online instruction on personal makeup application and beauty products.  For example, Stewart provides instruction on makeup application to parishioners at local churches.

26.     Stewart and Get Glam Beauty would like to offer other makeup services to the public, including applying makeup on clients.  But they are forbidden from doing so by Mississippi's onerous licensing requirements for makeup artists.

27.     Stewart and Get Glam Beauty have no plan to offer hair styling, facials, hair removal, electrotherapy, or other services unrelated to makeup.

**C.  Mississippi's Licensing Scheme for Cosmetologists and Estheticians**

28.     Mississippi defines the practice of "cosmetology" to include several services, including "beautifying or applying oils, antiseptics, clays, lotions or other preparations" "for cosmetic purposes."  Miss. Code Ann. § 73-7-2.

29.     Mississippi defines the practice of "esthetics" to include several services, including "[t]inting eyelashes or eyebrows" and "beautifying the face, neck, arms, or legs of a person . . . by the use of a cosmetic preparation."  Miss. Code Ann. § 73-7-2-(d)(iii), (iv).

30.     A makeup artist may not lawfully apply makeup on a client unless she has a cosmetologist or esthetician license issued by the Board of Cosmetology.  Miss. Code Ann. § 73-7-9.

31.     If a makeup artist applies makeup on a client without a license, she could face both criminal and civil liability.  Under Mississippi law, practicing esthetics without a license is a misdemeanor punishable by a fine of "not less than One Hundred Dollars ($100) nor more than Five Hundred Dollars ($500)."  Miss. Code Ann. § 73-7-37(1).

**The Board of Cosmetology**

32.    The Board of Cosmetology is in charge of regulating cosmetologists and estheticians.  Miss. Code Ann. § 73-7-7(1).  The Board may "make reasonable rules and regulations" and "set up a curriculum for operation of schools of cosmetology and the other professions it is charged to regulate."  *Id.*  The Board may also "revoke, suspend or refuse to issue or renew any license or certificate provided for in this chapter, and to fine, place on probation and/or otherwise discipline a student or license or holder of a certificate." *Id.* § 73-7-27(2).  The Board's regulations are codified in 30 Miss. Admin. Code, Pt. 2101.

33.    The Board is composed of five members who are appointed by the Governor, with the advice and consent of the Mississippi Senate, to four year terms.  Miss. Code Ann. § 73-7-1.  Members must be licensed cosmetologists who have "not less than ten (10) years active practice in cosmetology." *Id.*

34.    The Board also must "consider for adoption recommendations for rules and regulations, school curriculum, and related matters" from the "Mississippi Cosmetology Council."  Miss. Code Ann. § 73-7-7(1).  The Council includes the Board members and delegates representing the Mississippi Cosmetology Association, Mississippi Cosmetology School Association, Mississippi Independent Beauticians Association, and School Owners and Teachers Association. *Id.*

35.    Makeup artists like Stewart would compete for customers with licensed cosmetologists and estheticians, including Board members and delegates on the Mississippi Cosmetology Council.

36.    Thus, both the Board and the Council have an economic interest in imposing burdensome and unnecessary licensing requirements on makeup artists like Stewart.

37.    In 2018, a state auditor reported that the Board and its employees were failing to process license applications and renewals.  Office of the State Auditor, *Limited Internal Control*

*and Compliance Review Management Report* (Jan. 9, 2018), https://bit.ly/2BauTyB. The Board had "a severe backlog of licenses remaining to be issued" and some licensees were forced to wait "12 months after license fees ha[d] been paid." *Id.* at 6. The Board had also failed to implement proper controls over the fees submitted by applicants. *Id.* at 5. For example, "[c]ash receipts totaling over $368,000 had not been deposited by employees of Cosmetology for approximately nine months," and "[c]ash, money orders, checks, etc. were found stuffed in drawers and filing cabinets." *Id.* "The neglect from the employees and the Board members amount[ed] to a dereliction of duty in regards to the cosmetology profession." *Id.* at 6. The report also "noted a complete absence of Board oversight regarding the daily operations of the Board." *Id.* at 7.

### The Licensing Requirements for Makeup Artists

38.     A makeup artist must have an esthetician or cosmetologist license to apply makeup on her clients.

39.     To obtain an esthetician license from the Board, an applicant must: (1) be at least 17-years old; (2) be able to read, write, and speak in English; (3) have at least a high school education or its equivalent; (4) have completed 600 hours of classroom work at a licensed cosmetology school; (5) achieve passing scores on practical and written examinations; and (6) pay several hundred dollars in fees for her license and examinations. *See* Miss. Code Ann. § 73-7-18; 30 Miss. Admin. Code, Pt. 2101, R. 1.13, 2.7–2.8.

40.     The requirements for a cosmetologist license are similar, except an applicant must complete 1,500 hours of classroom work at a licensed school rather than 600 hours. *See* Miss. Code Ann. § 73-7-13(1); 30 Miss. Admin. Code, Pt. 2101 R. 1.13, 2.7–2.8.

41.     Together, the required tuition, books, and examination and other fees necessary to obtain either of these licenses cost thousands of dollars. And completing the requisite 600 or 1,500 hours of classroom work requires months of an applicant's time even at a full-time school.

42.     As applied to makeup artists, these onerous requirements do not provide any corresponding benefit to a makeup artist, her clients, or the public.

43.     These requirements are also wildly disproportionate to any legitimate government interest that could conceivably be implicated by makeup artistry.

44.     The Board's required curriculum for an esthetician school consists mostly of material that has little or no relevance to makeup artistry.  For example, the curriculum requires prospective makeup artists to learn about facial treatments, facial massages, facial machines, and hair removal.  "Makeup" is just one of six topics on "Skin Treatments/Services," which itself is just one subset of the required curriculum.  30 Miss. Admin. Code, Pt. 2101, R. 5.18 (C).

45.     "Infection control, Prevention, and Safety Precautions" are likewise just one minor item on a lengthy list.  30 Miss. Admin. Code, Pt. 2101, R. 5.18 (C).

46.     A makeup artist may complete the 600 hours of required course work at a maximum pace of 40 hours per week.  30 Miss. Admin. Code, Pt. 2101, R. 5.19 (A).  Thus, a makeup artist would have to spend a minimum of 15 weeks to complete the coursework.  And the Board recommends that only 50 hours of the practical training—out of 600 hours of coursework—be dedicated to makeup artistry.  Esthetics Final Report and Application for Theory Examination, https://bit.ly/31osTNG.

47.     Upon completion of the degree requirement, applicants for the esthetician license must also take a test.  Miss. Code Ann. § 73-7-18.  The test includes a written and a practical component.  30 Miss. Admin. Code Pt. 2101, R. 2.7.

48.     The written component of the test is conducted electronically at third-party testing centers for a fee of $90.  Mississippi Cosmetology Candidate Handbook, Jan. 2020, 1, https://bit.ly/3gaR4n5 ("Written Test Handbook").  The test consists of 85 scored multiple choice

questions and 15 unscored multiple-choice questions that must be completed within one hour and 45 minutes. *Id.* at 3. An applicant must earn a scaled score of at least 70 to pass. 30 Miss. Admin. Code Pt. 2101, R. 2.7(C)(1).

49.     The content of the test is outlined in the Written Test Handbook provided by the third-party firm that administers the test. At least 41% of the test is dedicated to facials, hair removal, and electricity and electrotherapy, none of which is related to makeup artistry. Written Test Handbook at 6. A maximum of 15% of the test is dedicated to makeup. *Id.*

50.     The practical test is conducted directly by the Board. The fee to take the practical test is $195. Mississippi Cosmetology Practical Student Handbook, Feb. 7, 2020, https://bit.ly/2BiS8q4 ("Practical Test Handbook"). As with the written test, an applicant must earn a scaled score of at least 70 to pass. 30 Miss. Admin. Code Pt. 2101, R. 2.7(C)(1).

51.     The practical test dedicates three times as much time to hair removal as it does to makeup, which is allotted just 15 of 95 minutes. Practical Test Handbook at 19–20.

52.     The other option for a makeup artist who wants a license is to attend a cosmetology school and apply for a cosmetology license. Licensed cosmetologists, like licensed estheticians, may apply makeup on their clients. *See* FAQs, Mississippi State Board of Cosmetology, https://www.msbc.ms.gov/faqs/ ("[M]akeup may be performed by a licensed Cosmetologist or Esthetician in a licensed Salon.").

53.     Like the curriculum for an esthetics degree, the Board's required curriculum for cosmetology consists mostly of material that has little or no relevance to makeup. Makeup is not part of the required curriculum for a cosmetologist license. Nor are several of the other topics that are part of the required curriculum for estheticians. The Board recommends that just 20 hours—

out of 1,500 total—be dedicated to "Facials, Makeup and Hair Removal."  Cosmetology Final Report and Application for Theory Exam, https://bit.ly/31osTNG.

54.     Instead, the required curriculum for cosmetologists focuses almost exclusively on hair.  For example, the required curriculum includes instruction on hair science, hair treatments, shampooing and conditioning, hair cutting, hairstyling, braiding, extensions, and wigs.  30 Miss. Admin. Code Pt. 2101, R. 5.18 (A).  None of this is relevant to makeup artistry.

55.     Similarly, the written test for cosmetologists contains even less content related to makeup than the test for estheticians.  A maximum of 8% of the test is dedicated to "Esthetics," of which "Makeup application" is just one of ten components.  Written Test Handbook at 5.  And the practical test for cosmetologists is focused entirely on hair—not a single minute is dedicated to makeup.  Practical Test Handbook at 15–16.

56.     In sum, Mississippi's mandatory coursework and testing for esthetician and cosmetologist licenses are comprised almost entirely of subjects that have little or nothing to do with makeup.  In fact, Mississippi allows cosmetologists to provide makeup services to clients even if they have neither been trained nor tested on makeup at all.

57.     This mismatch between the curriculum that makeup artists must learn and the services they provide further demonstrates the irrationality of Mississippi's licensing requirements.

**Exceptions To The Licensing Requirements**

58.     The licensing requirements for makeup artists include two significant exceptions.

59.     *First*, Mississippi does not require a license for services provided "in the home to members of family or friends for which no charge is made."  *See* Miss. Code Ann. § 73-7-31(a); *see also id.* § 73-7-2(c), (e).  Thus, a makeup artist who provides makeup services to her friends or family free of charge may do so without a license or any state-approved training.

60.     *Second*, Mississippi does not require a license for makeup services provided "in connection with the sale, or attempted sale, of [cosmetic] products at retail, without compensation from such other person other than the regular retail price of such merchandise."  Miss. Code Ann. § 73-7-31(b).  In other words, an employee at a store that sells makeup may put makeup on customers without any license or training.

61.     These exceptions undermine any possible rationale for requiring makeup artists to complete 600 hours of classwork and spend thousands of dollars in pursuit of an esthetician license.  No legitimate government interest can explain why makeup artists like Stewart must comply with Mississippi's burdensome licensing requirements simply to provide the same services to their customers that they may otherwise provide to family, friends, or customers at a retail store.

## COUNT ONE

### Due Process Clause of the Fourteenth Amendment to the United States Constitution

62.     Plaintiffs incorporate paragraphs 1–61 as if expressly restated here.

63.     Mississippi's licensing requirements for makeup artists are not rationally related to any legitimate government interest.

64.     Instead, the only explanation for the licensing requirements is economic protectionism for licensed cosmetologists and estheticians.

65.     The licensing requirements therefore violate the Due Process Clause of the Fourteenth Amendment as applied to makeup artists, including Stewart.

## COUNT TWO

### Article 3, Section 14 of the Mississippi Constitution

66.     Plaintiffs incorporate paragraphs 1–65 as if expressly restated here.

67.     For the same reasons the licensing requirements for makeup artists are unconstitutional under the Due Process Clause, they are also unconstitutional under Article 3, Section 14 of the Mississippi Constitution as applied to makeup artists, including Stewart.

## COUNT THREE

### Equal Protection Clause of the Fourteenth Amendment to the United States Constitution

68.     Plaintiffs incorporate paragraphs 1–67 as if expressly restated here.

69.     Mississippi's licensing requirements include arbitrary and irrational classifications. These irrational classifications include, but are not limited to, Mississippi's decision to require a license for makeup artists like Stewart who provide makeup services to the public for a fee, but not for other makeup artists who provide makeup services to their families or retail customers.

70.     The licensing requirements also irrationally lump makeup artists in with other unrelated professions, including but not limited to hair styling and hair removal.

71.     The licensing requirements for makeup artists reflect naked economic protectionism that favors licensed cosmetologists and estheticians over makeup artists who would otherwise be their competitors.

72.     The licensing requirements therefore violate the Equal Protection Clause of the Fourteenth Amendment as applied to makeup artists, including Stewart.

## COUNT FOUR

### Article 3, Section 14 of the Mississippi Constitution

73.     Plaintiffs incorporate paragraphs 1–72 as if expressly restated here.

74.     For the same reasons the licensing requirements for makeup artists are unconstitutional under the Equal Protection Clause, they are also unconstitutional under Article 3, Section 14 of the Mississippi Constitution as applied to makeup artists, including Stewart.

## PRAYER FOR RELIEF

For these reasons, Plaintiffs respectfully request entry of a judgment in their favor and the following relief:

75.     A declaration that Mississippi's licensing requirements for makeup artists are unconstitutional under the Fourteenth Amendment and the Mississippi Constitution;

76.     Preliminary and permanent injunctive relief forbidding Defendants from enforcing Mississippi's licensing requirements for makeup artists against Stewart or Get Glam Beauty;

77.     An award of reasonable attorneys' fees and costs under 42 U.S.C. § 1988.

78.     Such other relief as the Court deems just and proper.

Dated:  August 31, 2020                        Respectfully submitted,

/s/ Matt Gregory                               /s/ Michael V. Cory, Jr. (MSB # 9868)
Helgi C. Walker*                               Michael V. Cory, Jr.
Matt Gregory*                                  Danks Miller & Cory
Joshua Robbins*                                213 South Lamar Street
Jack Heyburn*                                  Jackson, MS 39201
Gibson, Dunn & Crutcher LLP                    Tel: (601) 957-3101
1050 Connecticut Avenue, N.W.                  Fax: (601) 957-3160
Washington, DC 20036                           mc@dmclaw.net
Tel: (202) 955-8500
Fax: (202) 467-0539
hwalker@gibsondunn.com
mgregory@gibsondunn.com
jrobbins@gibsondunn.com
jheyburn@gibsondunn.com

* Application for admission *pro hac vice*
forthcoming

*Counsel for Plaintiffs*